## UNITED STATES v. LOMBARD et al.
### No. 3346–C.

District Court, W. D. New York.

Feb. 1, 1944.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Amos W. Woodcock, Sp. Asst. to

the Atty. Gen., of counsel), for the Government.

Scully & O'Brien, of Rochester, N. Y., for the defendants.

BURKE, District Judge.

The defendants move to dismiss the indictment herein on the ground that it fails to state facts sufficient to constitute a crime. The indictment charges the defendants with conspiring together and with others unknown to the grand jury to induce electricians employed on the construction of public buildings at Sampson Naval Training Station to give up part of the compensation to which they were entitled under their contracts of employment, by intimidation and threats of procuring their dismissal from employment.

It is alleged in the indictment that the defendants are officers of Local B-86, International Brotherhood of Electrical Workers of Rochester, New York; that the electrical subcontractor agreed with the defendants that it would hire and continue in employment as electricians members of the Union and only such others as the defendants would approve; the defendants required as a condition for approval of electricians, not members of the Union, a weekly payment of a stipulated sum for each hour worked, intending that they would make such payments out of compensation earned; in the cases of those who failed to make such payments, the defendants threatened to procure their discharge.

By this arrangement the employer placed within the control of the defendants the decision as to what persons, not members of the Union, would be employed or continued in employment. It delegated to the defendants its own authority to make such controlling decisions regarding employment. This element, viz., the power to prevent employment and to procure discharge of employees, brings the charge in the indictment squarely within the scope of United States v. Laudani, 320 U.S. 543, 64 S.Ct. 315, where it was held that the purpose of the Anti-Kick Back Act, Section 276b, Title 40 U.S. C.A., is to assure that public funds provided for workers should be received by them for their own use except where diverted under authority of law or by virtue of a worker's voluntary agreement and that the power to employ and discharge brings an employer's foreman within the prohibition of the statute.

The motion is denied.