**UNITED STATES v. CARBONE et al.**

No. 16016.

District Court, D. Massachusetts.

June 2, 1944.

A. W. W. Woodcock, Sp. Asst. to the Atty. Gen., for the Government.

William M. Quade, of Gardner, Mass., and Israel N. Samuels, of Boston, Mass., for defendants Carbone, Stropparo and Huhtaniemi.

Michael Carchia and Walter F. Levis, both of Boston, Mass., for defendant Di-Nunno.

SWEENEY, District Judge.

There are now before me the defendants' motions to quash and demurrers to the indictments filed against them.

The indictments generally charge the defendants with violating the so-called Kick Back Act, 40 U.S.C.A., § 276b, which reads as follows: "Whoever shall induce any person employed in the construction, prosecution, or completion of any public building, public work, or building or work financed in whole or in part by loans or grants from the United States, or in the repair thereof to give up any part of the compensation to which he is entitled under his contract of employment, * * * or by any other manner whatsoever, shall be fined not more than $5,000, or imprisoned not more than five years, or both."

The Act as written would seem to be all inclusive. In fact, the Supreme Court said in United States v. Laudani, 320 U.S. 543, 545, 64 S.Ct. 315, 316, 149 A.L.R. 492, that "The sweep of the word 'whoever', if that word stood alone, would be wide enough to include not only an employer but any other person."

The indictment before me contains one count alleging a conspiracy to violate the statute and six counts alleging the substantive offenses. Nowhere in the indictment does it charge that the defendants were either employers or persons alleged to have been vested by the employer with power to fix and terminate the employer-employee status. In the Laudani decision, supra, the Supreme Court pointed out that the purpose of this statute was "to relieve widespread unemployment and enable working people to earn just and reasonable wages" and "government contractors to pay certain minimum wage rates."

The popular name of the statute, i. e., the Kick Back Act, would indicate that the Congress intended that whatever money was paid by an employer to an employee should be free from appropriation under any guise by the employer or those acting under his authority. It is a very close question whether the Act is actually limited in its application to employers or those acting directly under and in their behalf. The Supreme Court left the question open in the Laudani case, but my reading of that decision inclines me to the view that the contractual relationship between the person paying the funds and those kicking them back must exist. It is important that this question should be determined before a lengthy trial is had. Since this decision involves the construction of a federal statute, the Government will have a right of

344

appeal directly to the Supreme Court, if it deems such action advisable.

 Interpreting the Kick Back Act in the light of the Laudani decision, supra, I rule that the indictments returned here are defective since they do not allege that the defendants were either employers or were vested by the employer with authority to hire or fire those from whom the alleged extortions were made.

The motion to quash is therefore granted and the demurrers sustained.