## UNITED STATES v. CARBONE et al.

### Cr. No. 16568.

District Court, D. Massachusetts.

Aug. 1, 1945.

Edmund J. Brandon, U. S. Atty., and Edward D. Hassan, Asst. U. S. Atty., both of Boston, Mass., and Amos W. W. Woodcock, Sp. Asst. to Atty. Gen., for plaintiff.

William M. Quade, of Gardner, Mass., for defendants Carbone, Stropparo, and Huhtaniemi.

Michael Carchia and Walter F. Levis, both of Boston, Mass., for defendant Di Nunno.

SWEENEY, District Judge.

This is an indictment for conspiracy to violate Section 1 of the so-called "Kickback" Act.[1] 48 Stat. 948, 40 U.S.C.A., § 276b. To this indictment the defendants have filed motions to dismiss on the ground that the indictment does not state an offense cognizable in law. Another indictment was returned against these defendants over a year ago, and demurrers and motions to quash were sustained and allowed. United States v. Carbone et al., D.C., 56 F.Supp. 343.

At the time the alleged conspiracy occurred three of the defendants were officers of Local 39 of the International Hod Carriers' Building and Common Laborers' Union of America. The fourth defendant was employed by Local 39.

The indictment charges that, during the period of the alleged conspiracy, Coleman Bros., Inc., and John Bowen, Inc., were engaged in the construction of various public buildings for the United States at Fort Devens, Massachusetts, on a cost plus fixed fee contract, the contractors to furnish the materials, equipment and labor for the job; the defendants, by virtue of their positions in Local 39, made an agreement with the contractors under which the contractors undertook to employ as laborers on the job only those who were approved by the defendants, and to discharge any of those thus employed at the request of the defendants; the defendants approved to the contractors only members of the Union or such persons as paid to the defendants the sum of five dollars; the continued approval of the defendants was conditioned upon the payment of five dollars per week until the full amount of the initiation fee into Local 39 and the International Union had been paid; the defendants threatened to procure the discharge of any workers who failed to make the required payments; the defendants knew and intended that the workers would make the payments out of compensation earned.

In United States v. Laudani, 320 U.S. 543, 64 S.Ct. 315, 316, 88 L.Ed. 300, 149 A.L.R. 492, a foreman, who had been vested by his employer with power to hire and discharge workers, was held to be indictable under Section 1 of the Kickback Act. In the course of the opinion the Court indicated the guides to be used in the interpretation of this section. Limitations were placed upon the broad scope of the literal meaning of "Whoever" in the statutory text. The essential element which would bring a defendant within the operation of Section 1 was inferred to be an allegation that he had been "vested by the employer with power to fix and terminate the employer-employee status." The position of the foreman in the Laudani case in this regard is clear. It does not follow that these union officials similarly were vested with power to hire and fire. It is true that they could demand the exclusion of any worker who refused to meet the union requirements. However, this constitutes, not a delegation of the employers' authority, but a power founded upon a contractual obligation created by a collective bargaining agreement. These defendants do not stand in the shoes of the contractors; they represent an adverse interest.

I do not believe that either the history or the purpose of the Kickback legislation warrants an extension of its scope to include these defendants. Language from the Senate Report[2] quoted by Mr. Justice Black in the Laudani case to support the inclusion of foremen, serves equally to support the exclusion of union officials. The closed shop is within the legitimate objectives of trade unionism. Implementation of this objective by the means used by these defendants should not expose them to the risk of criminal prosecution.

[1] Section 1 provides that, "Whoever shall induce any person employed in the construction, prosecution, or completion of any public building, public work, or building or work financed in whole or in part by loans or grants from the United States, or in the repair thereof to give up any part of the compensation to which he is entitled under his contract of employment, by force, intimidation, threat of procuring dismissal from such employment, or by any other manner whatsoever, shall be fined not more than $5,000, or imprisoned not more than five years, or both."

[2] Mr. Justice Black stated that hearings before the Senate Committee on the Judiciary "had revealed, 'that large sums of money have been extracted from the pockets of American labor, to enrich contractors, subcontractors, and their officials.'" United States v. Laudani, supra, 320 U.S. at page 548, 64 S.Ct. at page 317, 88 L.Ed. 300, 149 A.L.R. 492.

I am aware that there are decisions in other districts at variance with the views here expressed. United States v. Fuller et al., D.C., 51 F.Supp. 951, 953; United States v. Lombard et al., D.C., 54 F.Supp. 537. However, I do not believe that they have reached the proper result.

The motions to dismiss the indictment are allowed.